# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**EDWARD A. CLACK III**                                                                       **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:18-CV-148-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Edward A. Clack III's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

## I.

Plaintiff filed a 93-page complaint. The first seven pages of the complaint are on a form, and the remaining 86 pages are in an attached typewritten document. In the caption of the form, as Defendants, Plaintiff lists the Commonwealth of Kentucky; Angel Patrick, whom he identifies as his former girlfriend and mother of his son; Sally Patrick, whom he identifies as Angel's mother; Gerthie Patrick, whom he identifies in one part of the complaint as Angel's father and in another part as Angel's brother; Lena Wade, whom Plaintiff identifies as Angel's older sister; Phillip Wade, unidentified; and Sabria Denny, whom Plaintiff identifies as Angel's niece. In the parties' section of the complaint form, he names the Jefferson County Family Court as a Defendant. In the caption of the attached typewritten complaint, Plaintiff additionally lists the Jefferson County Prosecutor as a Defendant.

In the complaint form, Plaintiff indicates that this Court's jurisdiction is based on both federal question and diversity of citizenship. As federal-question jurisdiction, Plaintiff alleges

"Reverse Domestic Violence"; cites to "28 U.S.C. § 1331 and U.S.C. § 1132";[1] and alleges violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. Under the diversity-of-citizenship section of the complaint form, Plaintiff indicates that he is a citizen of Kentucky and that the Jefferson Family Court is a citizen of Kentucky. In the parties' section of the complaint, he provides addresses in Florida for Defendants Angel Patrick, Sally Patrick, and Gerthie Patrick.

As his statement of claims in the complaint form, Plaintiff alleges:

> Mr. Clack was this victim of "reverse domestic violence." Ms. [Angel] Patrick was the aggressor. Mr. Clack was arrested for protecting his fetal son and himself from attack from Angel Patrick. Mr. Clack was arrested for protecting himself and his son. Mr. Clack was found innocent at trial of assault. Ms. Patrick filed a false petition in the absence of a judge. Ms. Patrick's statement included an administrative error that placed her statement in direct conflict with time stamp. Ms. Patrick mischaracterized herself as the victim, made several false statements, omissions and perjured herself in "void" and "defective" petition. Mr. Clack filed for evidence under Brady v. Maryland that was exculpatory. Jury did not see exculpatory evidence.

As relief in the complaint form, Plaintiff indicates that Defendant "Commonwealth of Kentucky Family Court is being sued for systemic failure in the amount of $20 Billion dollars and 30,000 acres of land"; that Defendant Angel Patrick "is being sued for $4,917,419.07 for attacking [him] and costing him his job and not establishing paternity and false allegations"; and that Defendants Sally Patrick, Gerthie Patrick, Sabria Denny, Lena Wade, and Phillip Wade each are being sued for $4,917.

In the 86-page typewritten complaint, Plaintiff alleges violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights; believes he is being discriminated against based on

---

[1] Section 1331 of Title 28 of the United States Code is the federal-question jurisdiction statute. Title 28 contains no § 1132.

his gender; and expounds greatly on the facts of his claims. More briefly here, however, Plaintiff alleges that the incident from which this action flows occurred on October 16, 2016, when Defendant Angel Patrick, who was three months pregnant at the time, attacked him unprovoked, and he "was forced to restrain [her] after she became physically violent in an effort to protect his unborn son." He states that, as a result of this incident, he was arrested for assault and that Defendant Angel Patrick filed a petition for a Domestic Violence Order (DVO)/Emergency Protective Order (EPO) against him.

Plaintiff maintains that the DVO/EPO was "legally 'void' due to coram non judice (absence of a magistrate judge in the same room with Ms. Patrick). . . . [The order] was electronically signed by a Jefferson Family Commissioner and it was never reviewed by an actual magistrate judge." He claims that Defendant Angel Patrick's petition also contained "an administrative clerical error" and included "several false statements, mischaracterizations, omissions, false swearing and intentional perjury by Ms. Patrick." Plaintiff reports that he was later arrested for violating the DVO/EPO; "illegally detained, held in custody, illegally arraigned"; and "forced to surrender to the court ordered Home Incarceration Program (HIP)."

Plaintiff states that he also filed a petition for DVO/EPO against Defendant Angel Patrick, which Family Court Judge Christina Ward denied on October 20, 2016, and ordered him to a batterer's intervention program.

Plaintiff reports that he went to trial on March 7, 2018, and that on March 8, 2018, he "was found innocent of the assault charge against Ms. Patrick. However, [he] was found guilty by the jury of violating the DVO/EPO." He states that he was "sentenced to 4 months in jail. In exchange [he] would do 2 years of supervised probation and complete a batterer's intervention program (BIP)." He claims that in exchange for no jail time, he "was asked to sign a waiver to

3

not appeal the court's ruling" and was asked to attend the BIP, but he claims that the BIP "is for batterers. [He] was found innocent of 4th Degree assault. [He] is not a batterer. The sentencing is not a fair one." Plaintiff claims, therefore, that he "decided to 'void' the court's waiver and signed 'Under Duress' in the signature box instead of his name in exchange for his freedom to submit this Federal complaint." He contends that his conviction for violating the DVO/EPO is illegal and that the Commonwealth of Kentucky should vacate his conviction.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint and amended complaint under 28 U.S.C. § 1915(e). Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

4

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes[.]". *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

## A. Diversity Jurisdiction

While Plaintiff marks a box on the complaint form asserting diversity jurisdiction, he does not seem to be alleging any state-law claims. Even if he was, he fails to establish diversity jurisdiction under 28 U.S.C. § 1332, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"). § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

373 (1978). Here, Plaintiff has not alleged that he is diverse in citizenship with Defendant Jefferson County Prosecutor. Further, the Commonwealth of Kentucky "is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973); *see also Espinosa v. Louisville Metro Gov't*, No. 10-354-JBC, 2011 WL 588468, at *1 (E.D. Ky. Feb. 10, 2011) ("The Commonwealth, as a state, is not a citizen for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. As the Commonwealth is not a citizen, there is not complete diversity in the instant case.") (citations omitted).

### B. Federal-Question Jurisdiction

Nevertheless, under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. By Plaintiff alleging violations of several amendments to the U.S. Constitution, the Court construes Plaintiff's action as being brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

*1. All claims against Defendants Commonwealth of Kentucky and Jefferson County
Family Court and official-capacity claims against Defendant Jefferson County Prosecutor*

The Eleventh Amendment[2] "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The Eleventh Amendment, therefore, bars this § 1983 action against the Commonwealth of Kentucky and the Jefferson County Family Court.[3]

"This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred

---

[2] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

[3] The Kentucky courts are a constitutional arm of government. *See* Ky. Const. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration.").

by the Eleventh Amendment."). Consequently, the official-capacity claims against the Jefferson County Prosecutor[4] also are barred by the Eleventh Amendment.

In addition, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Thus, all claims against Defendants Commonwealth of Kentucky and Jefferson County Family Court and the official-capacity claims against Defendant Jefferson County Prosecutor are barred by the Eleventh Amendment and fail to state a claim upon which relief may be granted.

### 2. *All claims against Defendants Angel Patrick, Sally Patrick, Gerthie Patrick, Lena Wade, Phillip Wade, and Sabria Denny*

These Defendants are private parties. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "Nevertheless, there are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Id.*

> "Private persons, jointly engaged with state officials in [a] prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."

---

[4] Plaintiff fails to state the capacity in which he sues the prosecutor. "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.* Upon review, the Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on Defendant Jefferson County Prosecutor.

Even if Plaintiff sued the prosecutor in his/her individual capacity, because Plaintiff is complaining of matters apparently occurring during a criminal proceeding, Defendant Jefferson County Prosecutor would be entitled to prosecutorial immunity from suit. *See Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (explaining that prosecutorial "[f]unctions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Further, to the extent Plaintiff requests the Commonwealth of Kentucky to vacate his conviction, such relief is not available under § 1983.

> *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 [] (1970) (internal quotation marks and citation omitted). Therefore, a private party can fairly be said to be a state actor if (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 [] (1982). Generally, "a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,' cannot [be considered state action]." *Am. Mfrs.*, [] 526 U.S. at 54 (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 [] (1988)).

*Tahfs*, 316 F.3d at 590-91. The Sixth Circuit "recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test." *Id.* at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quoting *Ellison*, 48 F.3d at 195).

"Applying the three-part state action test laid down by the court in *Ellison*, it is clear that by obtaining a [personal protection order] PPO from a state court, a private litigant does not make himself or herself a state actor." *Id.* at 593.

With respect to the public function test, Plaintiff does not show that any private party Defendant exercised power traditionally reserved to the state. "In fact, the state, through its courts and police powers, retains the authority and responsibility to enforce the PPO." *Id.*

9

As to the state compulsion test, Plaintiff fails to allege that Kentucky encouraged or coerced Defendant Angel Patrick to file for a DVO/EPO. "[T]he state merely made it possible to obtain a [protection order]." *Id.*

Finally, regarding the nexus test, Plaintiff fails to show a sufficiently close relationship between the state and the private party Defendants. Plaintiff claims a systemic gender bias against men by the Jefferson County Family Court, itself, regardless of the identity of the female DVO/EPO petitioner. He alleges no conspiracy or collusion between the state court system/officers and any of the private party Defendants. "'[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.'" *Id.* at 592 (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

For these reasons, Defendants Angel Patrick, Sally Patrick, Gerthie Patrick, Lena Wade, Phillip Wade, and Sabria Denny are not state actors, and Plaintiff fails to state a § 1983 claim against them.

### III.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: August 7, 2018

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4414.005